### BAILLY vs. ROBLES & AL.

APPEAL from the court of the first district.

PORTER, J., delivered the opinion of the court. This action is brought to recover back the sum of $1000, which the plaintiff

Facts communicated by the client to the attorney in his professional

East'n. District.
*March*, 1826.

BAILLY
*vs.*
ROBLES & AL.

character, cannot be given in evidence by the latter, although he does not receive a fee.

If the point really at issue was not contested in the court below, and the evidence is not satisfactory, the supreme court will remand the cause.

paid at Refugio, in Mexico, to the defendants, on account of a bill of exchange which he had sent them in discharge of a debt previously due. The petition avers that the bill was paid to the defendants, and that consequently they are bound to refund the money received by them, on an allegation that it had not been taken up by the acceptors.

The defendants in their answer aver, that the plaintiff was indebted to them, according to an account annexed, in the sum of $2398 50 cents, and that he has only paid the sum of $2000. They pray judgment in reconvention for the balance.

The court below gave judgment for the plaintiff for $1000, from which judgment the defendants appealed.

The first question presented on the record, is the correctness of the decision of the judge *a quo* admitting the testimony of an attorney and counsellor at law, to facts communicated to him by the defendants in his professional character. We think the judge erred in receiving him. His deposition begins by a declaration that one of the appellant's called him into her house, and told him, that she

East'n District.
*March*, 1826.

BAILLY
*vs.*
ROBLES & AL.

was about having a law suit, *and wished his advice.* The facts communicated to obtain this advice cannot be related by the attorney; nor does it at all alter the case that she did not afterwards employ him. He might if he had chosen, refused any communication until a fee was paid: but as he thought fit to be consulted without it, he may have a claim for his services; but he has no right to disclose her secrets. A contrary rule would enable the members of the bar to draw from persons about to be involved in litigation, facts the most important to their interests, and then threaten them with a disclosure unless they consented to such compensation as the attorney thought fit to affix to his services. For the honor of our profession, we hope and believe, there are few members of it who would act in this way. Some, however, might, and at all events it is best not to lead men into temptation.

Towards the close of the argument in this court, the matter in dispute between the parties, was narrowed down to an enquiry whether the sum claimed by the defendants for goods sold and delivered, and that which one of them had paid as surety for the plaintiff's

nephews, had been settled by the plaintiff, or whether the latter sum only had been discharged. It is pretty evident from the course the cause took in the court below, that it was presented there for decision on different grounds. Notwithstanding this, if the evidence enabled us to pronounce with confidence either way, we should not hesitate to give final judgment; but it does not, and we think justice requires the cause should be remanded to enable the parties to meet on this ground in the court of the first instance, and produce further proof.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided, and reversed, and that the cause be remanded for a new trial, the appellee paying the costs of the appeal.

*Hennen* for the plaintiff, *Morel* for the defendants.